**Opinion filed August 4, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00283-CR

_____

## ISAAC DELBOSQUE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-20-1032-CR**

## M E M O R A N D U M   O P I N I O N

Appellant, Isaac Delbosque, pleaded guilty to the first-degree felony offense of aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03(a)(2), (b) (West 2019). Pursuant to the terms of the plea agreement between Appellant and the State, the trial court deferred a finding of guilt and placed Appellant on deferred adjudication community supervision for ten years. The State later filed a motion to adjudicate Appellant's guilt. At the hearing on the State's motion to adjudicate, Appellant pled not true to the State's allegations, and the State presented evidence in support of its

motion. The trial court found two of the State's allegations to be true, revoked Appellant's community supervision, adjudicated Appellant's guilt, and assessed his punishment at imprisonment for life. We affirm.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is without merit and frivolous. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and the reporter's record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a pro se petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant filed a pro se response to counsel's *Anders* brief. In his response, Appellant states that the attorney who represented Appellant at the time of the plea agreement was ineffective and that "no weapon was ever found on me."

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree with counsel that the appeal is without merit. The record from the revocation hearing shows that, shortly after being placed on community supervision, Appellant committed the offenses of "Failure to ID" and "Resisting Arrest" as alleged in the State's motion to adjudicate. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). Furthermore, absent a void judgment, issues relating to an original plea

proceeding may not be raised in a subsequent appeal from the revocation of community supervision. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

We grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

PER CURIAM

August 4, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

3